**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-00820-001-TUC-JCH (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Manuel Flores - 001 Constantine Panousopoulos - 002, | |
| Defendants. | |

Before the Court are Defendant Constantine Panousopoulos's Motions to Dismiss for Failure to State an Offense and for Lack of Jurisdiction (Docs. 201, 202) and Magistrate Judge Lynette C. Kimmins's related Report and Recommendation ("R&R") (Doc. 281). Judge Kimmins has recommended the Court deny Defendant's motions. *See* Doc. 281 at 1. Defendant Panousopoulos filed an objection to the R&R (Doc. 301). For the following reasons, the Court will overrule Defendant's objections, adopt Judge Kimmins's R&R in full, and deny Defendant's motions.

## I.    R&R Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If an objection is made, the Court "must review the magistrate judge's findings and recommendations de novo." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is obligated to review only the specific portions of the report, proposed findings, or recommendations to which the parties object. *See* § 636(b)(1). If, following review, "the

1  district court is satisfied with the magistrate judge's findings and recommendations it may

2  in its discretion treat those findings and recommendations as its own." *Morris v. Shin*,

3  No. CV 20-322, 2023 WL 6248830, at *7 n. 5 (D. Ariz. Sept. 26, 2023) (quoting

4  *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

5  **II.    Failure to State an Offense[1]**

6         In his Motion to Dismiss Count Five for Failure to State an Offense (Doc. 202),[2]

7  Defendant asks the Court to find that, as a matter of law, the Santa Cruz County Assessor

8  is not an agent of Santa Cruz County. *See* Doc. 202 at 1. The R&R found that, as a

9  statutorily designated "officer" of Santa Cruz County, the Assessor is an agent of the

10  County under 18 U.S.C. § 666. Doc. 281 at 4–5. Judge Kimmins further found that, even

11  were the Court to disregard the statutory language, Defendant did not establish that a

12  county assessor is not authorized to act on behalf of the county as a matter of law. *Id.*

13  at 6. Accordingly, Judge Kimmins rejected Defendant's argument that Count Five of the

14  Superseding Indictment, which alleges that the Santa Cruz County Assessor is an agent of

15  the County, fails to state an offense. *Id.*

16         Defendant raises three primary objections to the R&R's findings. First, he argues

17  the R&R "misapplies the scope of a Rule 12(b)(3)(B)(v) review." Doc. 301 at 2. Next, he

18  argues the R&R "misapplies the word 'and'" in 18 U.S.C. § 666(d)(1). *Id.* at 3. Finally,

19  Defendant argues the R&R erroneously disregards nonbinding case law and Arizona

20  statutes when analyzing whether a county assessor has "authorization" to act on the

21  county's behalf. *Id.* at 4.

22  ///

23  ///

24  ///

25  ───────────────

26  [1] Defendant "does not object to any factual findings" by the R&R. Doc. 301 at 1.
Accordingly, the Court will adopt the R&R's factual findings in full.

27  [2] Defendant's Motion to Dismiss for Failure to State an Offense was filed after his Motion
to Dismiss for Lack of Subject Matter Jurisdiction. *See* Docs. 201, 202. Because

28  Defendant's arguments for lack of subject matter jurisdiction depend on the Court's ruling
on his Motion to Dismiss for Failure to State an Offense, the Court will address the
failure to state an offense issue first.

1

2

**A. The R&R correctly found the Court cannot consider evidence outside of the indictment when ruling on a Rule 12 motion.**

3

4

Defendant first argues the R&R erred in finding *United States v. Jensen*, 93 F.3d

5

667, 669 (9th Cir. 1996) and *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)

6

limit the Court's review to the four corners of the indictment. Doc. 301 at 2. According to

7

Defendant, *Boren* stands for the proposition that relevant law may be considered when

analyzing the sufficiency of an indictment. *Id.* at 2–3.

8

In *Boren*, the Court followed *Jensen* in stating that courts are limited to "the four

9

corners of the indictment" when ruling on a Federal Rule of Criminal Procedure

10

12(b)(3)(B)(v) motion. Under *Boren*, in ruling on such a motion, courts "should not

11

consider evidence not appearing on the face of the indictment." 278 F.3d at 914.

12

Nonetheless, the *Boren* court analyzed the Uniform Commercial Code, case law, and

13

several statutes to determine whether a stop payment request on a check was an

14

application or commitment for the purposes of the charging statute. *See id.* at 916–17.

15

Notably, the Court interpreted the statute broadly and found the indictment sufficient. *See*

16

*id.* at 917.

17

Here, it is not clear that making a preliminary determination that a county assessor

18

is not an agent of the county would not violate the "four corners" principle. Were the

19

Court to decide that Fuentes was not an agent of Santa Cruz County as a matter of law, it

20

would be deciding one of the elements of the offense. *See United States v. Cabrera*, 328

21

F.3d 506, 509 (9th Cir. 2003) (elements of a 666(a)(1) charge are "(i) the defendant must

22

be an agent of a government agency receiving $10,000 or more in federal funding

23

annually, and (ii) the transaction (there, a bribe) must exceed $5,000"); Modern Federal

24

Jury Instructions-Criminal ¶ 27A.03 (2025) ("In order to prove the defendant guilty of

25

bribery relating to an organization or government that receives federal funds, the

26

government must prove each of the following elements beyond a reasonable doubt: First,

27

that at the time alleged in the indictment, [specify recipient of bribe] was an agent of

28

[specify organization, government or agency]. . . "). This would directly violate the *Boren*

- 3 -

proposition that the "unavailability of Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the respective provinces of the judges and jury are respected." 278 F.3d at 914 (internal quotations omitted) (quoting *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993)); *see also United States v. Underwood*, 95 F.4th 877, 885–86 (4th Cir. 2024) ("[W]hether a person is an agent turns on '[t]he evidence presented at trial' of the person's relationship to the covered government entity and the person's authority to act on its behalf."). Accordingly, it is not clear that that Court should conduct a substantive analysis of whether the Santa Cruz County Assessor was an agent of the County when the indictment adequately alleges he was.

**B. The R&R correctly found a county assessor is an agent of the county under the plain language of 18 U.S.C. § 666 and Arizona law.**

Defendant next objects to the R&R's finding that, "looking solely at the language of the federal statute, and the inclusion of assessors as county officers under Arizona law, Felipe Fuentes was an agent of Santa Cruz County." Doc. 281 at 4. Defendant argues that determining Fuentes was an agent based solely on the language stating that assessors are county officers ignores the "and" in 18 U.S.C. § 666(d)(1). According to Defendant, to be an agent, Fuentes must have been an officer *and* had authorization to act on the County's behalf. Doc. 301 at 3–4.

Section 666(d)(1) provides that an agent is "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." Arizona law specifically designates a list of positions as "county officers," and includes the county assessor in that list. A.R.S. § 11-401(A)(6). *See also* Ariz. Const. Art. XII, § 3 ("There are hereby created in and for each organized County of the State the following officers who shall be elected by the qualified electors thereof: . . . an Assessor . . . .").

Defendant primarily relies on Fifth Circuit precedent for the proposition that an individual can be classified as an "officer" but still not be an agent under 18 U.S.C.

- 4 -

§ 666(d)(1). *See* Doc. 301 at 4; *see also United States v. Phillips*, 219 F.3d 404, 411–13 (5th Cir. 2000) (a Louisiana county tax assessor was an officer but not an agent of the county as a matter of law). But the Fifth Circuit is not controlling authority here. In *Salinas v. United States*, the Supreme Court interpreted 18 U.S.C. § 666 not to require a bribe to directly affect federal funds for the bribe to be covered by the statute. *See* 522 U.S. 52, 56–57. In so holding, the Court emphasized the statute's "expansive, unqualified language, both as to the bribes forbidden and the entities covered." *Id.* at 56. It reasoned that "[c]ourts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language" and that § 666 expanded the coverage provided by the prior federal bribery statute, justifying the broad interpretation. *Id.* at 57–58 (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)).

While *Salinas* did not directly address § 666(d)(1), courts have extended the "expansive" interpretation to apply to multiple provisions. *See United States v. Sotomayor-Vazquez*, 249 F.3d 1, 7–8 (1st Cir. 2001) ("We need not determine whether Kouri was authorized to act on behalf of ACHS, because we conclude that there was sufficient evidence to show that he was a "director," "manager," or "representative" of ACHS in accordance with the statutory definition."); *United States v. Hudson*, 491 F.3d 590, 594 (6th Cir. 2007) ("While the statute makes the title given to an employment relationship a sufficient condition for establishing agency status— 'servant,' 'employee,' 'partner, director, officer, manager, and representative,' all will suffice in the case of an organization or government—it does not make the name given to a relationship a necessary condition for establishing agency status."). Given the language of the statute designating an officer as an agent and the clear legislative intent to expand liability for federal funds bribery, the Government need not prove that Fuentes was authorized to act on behalf of Santa Cruz County to sustain the Superseding Indictment at this stage.

///

///

///

**C. The R&R correctly found Defendant failed to show a county assessor is not an agent of the county as a matter of law.**

Though the R&R determined the statutory language is sufficient to establish that the Santa Cruz County Assessor is an agent of the County, it went "a step further in its analysis" and determined that Defendant failed to establish that an assessor is not an agent of the county as a matter of law. Doc. 281 at 5. Defendant argues the Arizona statutory authority defining the relationship between the state and county assessors proves an assessor is not an agent of a county. *Id.* at 4–5.

The Arizona State Constitution and statutory law establish and define the role of a county assessor. Ariz. Cont. art. XII, §§ 3,4; A.R.S. §§ 11-541, 42-13051 through 42-13605, 42-19001 through 42-19160.[3] Arizona Revised Statutes § 11-401, "Enumeration of Officers," lists the assessor as an officer of the county. Section 11-541 provides "[t]he county assessor shall have the powers and perform the duties prescribed by law." Section 42-13051, "Duties of the County Assessor," outlines an assessor's duty to identify all taxable property in the county. Defendant is correct that none of these statutes directly imbue assessors with the authority to act on behalf of the county. Defendant again relies on *Phillips* for the proposition that this means assessors are not agents of their counties as a matter of law. *See* Doc. 301 at 5. But, as discussed above, *Phillips* is not controlling, and Defendant provides no argument as to why the Court should follow *Phillips* over other persuasive authority. *See, e.g.*, *Sotomayor-Vazquez*, 249 F.3d at 7–8 (position title sufficient to find agency relationship under § 666); *Hudson*, 491 F.3d at 594 (same); *United States v. Underwood*, 95 F.4th 877, 885 (4th Cir. 2024) (an individual can be an employee of one entity and an agent of another).

Assessors are statutorily defined as county officers and paid from county funds, and while they may be supervised by the Arizona Department of Revenue, they are also supervised by their respective county boards of supervisors. *See* A.R.S. §§ 11-401,

---

[3] Many of these provisions provide guidance on the valuation process rather than directly defining a county assessor's powers and duties. A.R.S. §§ 42-13051 through 42-13605, 42-19001 through 42-19160.

11-419, 11-251(1). The assessor's identification of taxable property facilitates the county treasurer's collection of taxes. *See* A.R.S. § 42-13051(A). Though Arizona county assessors may be similar to the Louisiana assessors found not to be county agents in *Phillips*, the Court cannot say that Fuentes was not an agent of Santa Cruz County as a matter of law when plain statutory language suggests otherwise. This is especially so when Defendant's only supporting authority is non-binding and does not involve a pre-trial dismissal of an indictment.

## III. Lack of Subject Matter Jurisdiction

In his Motion to Dismiss Count Five for Lack of Subject Matter Jurisdiction (Doc. 201), Defendant asks the Court to find that because (1) Fuentes was not an agent of Santa Cruz County and (2) the County Assessor's Office itself did not receive federal funds, there is no "jurisdictional predicate" for Count Five of the Superseding Indictment.[4]  *See* Doc. 201 at 6. The R&R found "there is no such factual predicate requirement for jurisdiction," and because the Superseding Indictment alleges all the required elements of the charge, the Court has jurisdiction over Count Five. Defendant again has three primary objections to this finding: "[T]he R&R's readings of *Fischer*, *Nukida*, and *Paixao* led it to: (1) essentially nullify Rule 12(b)(2) . . . (2) conflate 'interstate nexus' with 'jurisdictional predicate' without regard to materiality; and (3) erroneously apply a sufficiency-of-the-evidence analysis to dispose of the jurisdictional challenge." Doc. 301 at 1–2.

### A. The R&R correctly found *Fischer* did not create a "jurisdictional predicate" requiring the court to conduct a pretrial factual analysis.

Defendant first argues the R&R's finding that there is no factual predicate for jurisdiction "hinges on the procedural posture and not the existence of the jurisdictional requirement," thus nullifying the defense's ability to raise a jurisdictional challenge pursuant to Federal Rule of Criminal Procedure 12(b)(2) at "any time while the case is

---

[4] The arguments in Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction depend on the Court finding that a county assessor is not an agent of the county as a matter of law. Though the Court finds that Defendant has not shown a county assessor is not an agent of the county as a matter of law, it will still address Defendant's subject matter jurisdiction arguments.

- 7 -

pending." Doc. 301 at 5.

Defendant argues *Fischer v. United States*, 529 U.S. 667 (2000) establishes a "jurisdictional predicate" that requires the court to make pretrial determinations of whether Fuentes was an agent of Santa Cruz County and whether his agency received the requisite federal benefits. *See* Doc. 301 at 5–6. This argument seems to arise from the *Fischer* majority's statement that "liability for the acts prohibited by subsection (a) is *predicated* upon a showing that the defrauded organization 'receive[d], in any one period, benefits in excess of $ 10,000 under a Federal program.'" 529 U.S. at 676 (emphasis added) (citing 18 U.S.C. § 666(b)). This is true: a defendant cannot be *found guilty* of a § 666(a)(2) charge unless the government proves the bribee was an agent of an organization that receives the requisite federal funds. But this language does not establish a "jurisdictional predicate" compelling the Court to conduct a pretrial factual analysis of a material element of the offense.[5] As explained above, *see supra* § II.A, such an analysis would invade the province of the jury and require the Government to make a factual showing at a stage where it requires only a facially valid indictment. *See United States v. Bailey*, 444 U.S. 394, 414 (1980) *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Accordingly, the R&R did not err in finding *Fischer* did not establish a "jurisdictional predicate" for a charge under § 666.

## B. The R&R correctly concluded that whether an assessor is a county agent and whether his county received federal benefits are questions intermeshed with the merits of a charge under 18 U.S.C. § 666.

The R&R recommended the Court deny the Defendant's Motion as a "premature challenge to the sufficiency of the government's evidence" on elements of the offense under *Nukida*. *Id.* at 9 (citing 8 F.3d at 669–70). Defendant disagrees that the issues of whether a bribee is an agent and whether his principal receives the requisite federal benefits are material elements of the offense. *See* Doc. 301 at 6.

---

[5] Notably, the majority opinion in *Fischer* does not make a reference to "jurisdiction" at all. *But see* 529 U.S. at 683–93 (Thomas, J. dissenting). While *Fischer* examined what constitutes "benefits" under the statute, it does not stand for the proposition that the Government must prove its factual basis prior to trial.

In *Nukida*, the court emphasized the difference between pretrial challenges premised on legal questions and those based on factual questions:

> Rule 12(b) of the Federal Rules of Criminal Procedure permits consideration of any defense "which is capable of determination without the trial of the general issue." A motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.) (Shortt), *cert. denied*, 478 U.S. 1007, 92 L. Ed. 2d 715, 106 S. Ct. 3301 (1986). Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not "invade the province of the ultimate finder of fact." *Id.* (internal quotation and citation omitted).

The *Nukida* court found that, with respect to 18 U.S.C. § 1365, "[t]he face of the statute reveals that one of the material elements of the offense . . . is that the tampered product affect interstate commerce." *Id.* at 669. Accordingly, a Rule 12(b) Motion "amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense." *Id.* at 669–70.

Here, whether the county assessor was an agent of the county is a material element of the offense. *See United States v. Cabrera*, 328 F.3d 506, 509 (9th Cir. 2003) (elements of a 666(a)(1) charge are "(i) the defendant must be an agent of a government agency receiving $10,000 or more in federal funding annually, and (ii) the transaction (there, a bribe) must exceed $5,000"); *see also* 1 Modern Federal Jury Instructions-Criminal P 27A.03 (2025). The Court is not persuaded by the Eastern District of New York's holding that such conduct does not go "to the issue of Defendant's guilt or innocence." *See United States v. Dransfield*, 913 F. Supp. 702, 707 (E.D.N.Y. 1996) ("Defendants' argument regarding SCA's source of funding does not raise factual questions embraced in the general issue."). Ninth Circuit precedent and federal guidance indicate that whether the bribee was an agent of an organization receiving $10,000 or more in federal funds is a material element of the offense. Accordingly, the Court finds the issue of agency is a factual determination "intermeshed with questions going to the merits." *Nukida*, 8 F.3d at 670.

///

**C. The R&R correctly declined to conduct a pretrial factual analysis of Count Five under *Paixao*.**

The R&R again went a step further in its analysis and determined Defendant's motion would fail even if considered on the merits. Specifically, the R&R analyzed the Superseding Indictment and found that it contained sufficient detail to sustain an 18 U.S.C. § 666 charge at this stage in the proceedings. Defendant argues against this finding because the Magistrate Judge "conducted a sufficiency-of-the-indictment review instead of a jurisdictional analysis" and "compared the elements of the offense to the language of the indictment." Doc. 301 at 7. Instead, Defendant contends the R&R should have applied *Paixao*'s guidance on the merits of Defendant's argument. *Id.*

In *United States v. Paixao*, the Ninth Circuit analyzed the question of whether an organization "received 'benefits' within the meaning of 18 U.S.C. § 666(b)." 858 F.3d 1203, 1204 (9th Cir. 2018). There, after a jury convicted the defendants of violating § 666, the defendants appealed, arguing "that the government failed to present sufficient evidence that the [organization] received 'benefits' within the meaning of the statute." *Id.* at 1205–05. The Court analyzed several factors that help determine whether the receipt of federal funds is a "benefit," particularly emphasizing the "structure, operation, and purpose" of the federal program supplying the funds. *Id.* at 1206. Using that analysis, the Court found "there was sufficient evidence from which the jury could reasonably conclude that the [organization] did, indeed, receive 'benefits' within the meaning of the statute." *Id.* at 1204.

As discussed above, *see supra* § II.A, a Rule 12(b) motion is an inappropriate avenue to bring pretrial factual challenges going to the merits of the case. Like many of the other cases on which Defendant relies, *Paixao* involves a post-conviction challenge. Defendant, while effectively arguing the elements of the offense the Government must prove at trial, has not cited any authority that requires the Court to make pretrial factual determinations on material elements of the offense. To the contrary, binding caselaw instructs the court to leave such determinations up to the jury. *See e.g., Nukida*, 8 F.3d at

1  669–70. The Government is not, at this stage, required to prove such facts to sustain the

2  indictment.

3  **IV.  Order**

4        Accordingly,

5        **IT IS ORDERED adopting in full** the Report and Recommendation (Doc. 281).

6  Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 201) and Motion to

7  Dismiss for Failure to State an Offense (Doc. 202) are **denied**.

8        Dated this 23rd day of April, 2025.

John C. Hinderaker
United States District Judge

- 11 -